U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT       FILED
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION                       AUG   2 2019

UNITED STATES OF AMERICA

v.                                        CLERK U.S. DISTRICT COURT

                                          No. 4:19 - MJ-619
                                                      Deputy

JONATHAN AARON LEAL (01)
DEVELTRICK TRUVON ADAIR (02)

## CRIMINAL COMPLAINT

Conspiracy to Possess a Controlled Substance with Intent to Distribute

In August 2019, in the Fort Worth Division of the Northern District of Texas, and elsewhere, the defendants, **Jonathan Aaron Leal** and **Develtrick Truvon Adair**, along with others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), namely to possess with intent to distribute: 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance.

In violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)).

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

1.      In July, 2019, in Fort Worth, Texas, investigators interviewed a Source of Information (herein after referred to as SOI) regarding his/her knowledge of a large scale drug trafficking organization. The SOI stated that he/she worked for a Mexico-based source of supply that is responsible for coordinating the delivery of large shipments of heroin, and methamphetamine to the Fort Worth, Texas area. The SOI provided a telephone number of a Mexico-based source of supply.

**Criminal Complaint – Page 1 of 4**

2.     On July 23, 2019 a Confidential Source (hereinafter CS) at the direction of law enforcement contacted the Mexico-based source of supply and requested to purchase ten (10) kilograms of methamphetamine.  This lead investigators to seize ten kilograms of methamphetamine and resulted in the arrest of three individuals.

3.     On August 1, 2019, at the direction of law enforcement, and through recorded phones calls and text the CS attempted to initiate the purchase of ten kilograms of methamphetamine. The Mexico-based source of supply agreed and advised the CS that someone would be contacting him/her to supply ten kilograms of methamphetamine.  A Hispanic male then called the CS from telephone number XXX-XXX-2358. The calls and texts with the user of XXX-XXX-2358 were recorded.  The male using this telephone (later identified as Jonathan Aaron Leal) agreed to deliver 6 kilograms of methamphetamine.  The Mexico-based source of supply advised the CS that only six (6) would be supplied followed by another four kilograms on the following day.  The CS provided an address in the XXXX block of Menzer Road in Fort Worth, Texas as the address to deliver the methamphetamine.  The CS was advised by the user of XXX-XXX-2358 that the methamphetamine would be arriving from the Pleasant Grove area of Dallas and that it would arrive in approximately an hours' time.  Based on this information, investigators established surveillance in the area of XXXX Menzer Road, Fort Worth, Texas. The established time to deliver was 5:30 p.m.

4.     At approximately 5:22 p.m. Leal called the CS advising that he had arrived.  Surveillance units observed a white Nissan truck travel to the aforementioned location.  The white Nissan truck parked on the south side of the street immediately behind a surveillance member. Surveillance observed LEAL on the telephone at the time of the call.

Investigators with the assistance of the Fort Worth Police Department Special Response Unit,

initiated a detention of the white Nissan and their occupants.  While investigators searched the

vehicle, the CS continued to call telephone number XXX-XXX-2358 in an attempt to contact

the user.  Investigators observed the CS's telephone number on the screen of the phone lying on

the ground near the passenger side door of the vehicle.  Leal was seated in the passenger side of

the vehicle.  During a search of the vehicle, investigators located inside the bed of the truck, six

(6) gallon sized zip-loc style baggies, each containing a crystal like substance believed to be

methamphetamine inside an ice cooler with a combined field weight of 6 kilograms.  The crystal

like substance tested presumptive positive for methamphetamine.

5.      During a post-Miranda interview, Adair explained he was requested by Leal to assist him

in driving his (LEAL's) truck.  Adair stated Leal showed up at an unknown location on Bruton

Road, in Dallas Texas, and asked Adair to drive to an unknown address.  When asked why Adair

was asked to drive he stated because he (Adair) has a drivers' license.  Investigators asked Adair

if had ever received payment for his assisting Leal, to which Adair stated he has not.

Investigators then questioned Adair of his knowledge of Leal's true identity.  Adair stated that

he only knew Leal as "Jonathan".  Investigators asked how long Adair has known Leal and

Adair stated since childhood, but added he only knew his first name.  Investigators requested

consent to search Adair's cellular phone.  Adair agreed and supplied the line pattern password to

his phone.  Adair pointed out a cellular contact for Leal, which was labeled J$ and had a profile

picture of Leal.  Investigators searched the content of text messages between the two and

observed messages about apparent narcotics activity.

It's the investigators belief that Leal was not being truthful to investigators about his knowledge of Leal's identity or the facts surrounding the events on August 1, 2019.

5.      During a post-Miranda interview, Leal refused to identify himself to investigators. Investigators then continued to question Leal as to his true identity.  Leal eventually told investigators that his name was Jonathan Avila to which investigators were not able to find any records of such person existing.  After several minutes Leal finally told investigators that his name was Jonathan Leal.  Once Leal gave investigators his real name investigators found that Leal had two active felony warrants for his arrest.

6.      Investigators asked Leal about his involvement surrounding the events leading up to his arrest, to which Leal stated that he will do his time because he is not a rat.

7.      Although I have not listed all the facts regarding the offenses of **Jonathan Aaron Leal** and **Develtrick Truvon Adair**, I believe that the facts stated here establish probable cause that **Jonathan Aaron Leal,** and **Develtrick Truvon Adair** have committed a violation of 21 U.S.C. § 846, Conspiracy to Possess Methamphetamine with the intent to distribute.


William Snow
Task Force Officer
Drug Enforcement Administration


SWORN AND SUBSCRIBED before me, at 8:30 am, this 2nd day of August, 2019, in Fort Worth, Texas.


JEFFREY L. CURETON
United States Magistrate Judge